UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KEVIN LAZAR, an individual; KIM POPOW, an individual; EUGENE LAZAR, an individual; and LINDA LAZAR, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CSAA FIRE AND CASUALTY INSURANCE COMPANY (formerly known as AAA NEVADA FIRE & CASUALTY INSURANCE COMPANY), a Corporation; and DOES 1-10, ROE Corporations I - X, inclusive,<br><br>Defendants. | Case No. 2:18-cv-01374-MMD-VCF<br><br>ORDER |

## I. SUMMARY

The Court issued an order to show cause why this action should not be remanded for lack of subject matter jurisdiction on July 30, 2018. (ECF No. 4.) The Court has reviewed the respective responses of Defendant CSAA Fire and Casualty Insurance Company ("CSAA") (ECF No. 7) and Plaintiffs Kevin Lazar, Kim Popow, Eugene Lazar, and Linda Lazar (collectively, "Plaintiffs") (ECF No. 8). For the following reasons, the Court will remand this action.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit at commencement of the action. 28 U.S.C. § 1441(a). However,

courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where it is not facially evident from the complaint that $75,000 was in controversy at the time of removal, a defendant seeking removal must prove, by a preponderance of the evidence, that the amount in controversy requirement is met. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Under a preponderance of the evidence standard, a removing defendant must "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Id.* at 1117 (citations omitted). As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *Matheson*, 319 F.3d at 1090 (citation omitted).

**III.    DISCUSSION**

CSAA argues that the amount in controversy exceeds $81,668.33 based in part on its valuation of Plaintiff's breach of contract claim at $51,668.33, a figure that represents the difference between Plaintiffs' total reported losses ($161,275.02) and what CSAA has already paid ($109,606.69). (ECF No. 7 at 2-3.) Plaintiffs argue that their breach of contract claim is worth "in excess of $15,000"—not $51,668.33—because roughly one third of their total reported losses are not compensable under the policy. (ECF No. 8 at 3.)

Specifically, Plaintiffs allege that their total reported losses include $54,895.55 related to jewelry, for which the policy limit is $1,500. (*Id.* at 4.) Thus, the portion of Plaintiffs' total reported losses relevant to the Court's amount-in-controversy determination is $107,879.47 (the total reported losses less the value of Plaintiffs' jewelry in excess of the $1,500 policy limit). Given that CSAA has already paid $109,606.69, a sum that apparently exceeds Plaintiffs' covered losses, CSAA has not shown by a preponderance of the evidence that the breach of contract claim is worth $51,668.33. Even assuming for CSAA's benefit that Plaintiff's breach of contract claim is worth "in excess of $15,000," the amount in controversy is still only $60,000: $15,000 for each of Plaintiffs' three claims and $15,000 for punitive damages.

Accordingly, the Court will remand this action for lack of subject matter jurisdiction.

**IV.  CONCLUSION**

It is therefore ordered that this action is remanded. The Clerk is instructed to close this case.

DATED THIS 3rd day of October 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE